UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BELL, *et al.*,

Plaintiffs,

<b>ORDER</b><br>
<b>25-CV-9817 (PAE)</b>

-against-

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

Defendant.
----------------------------------------------------------------

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

This matter has been referred for settlement.  Dkt. No. 22.

Should the Parties wish to schedule a settlement conference, the Parties are directed to contact Courtroom Deputy Christopher Davis via email **by March 27, 2026** at WillisNYSDChambers@nysd.uscourts.gov to provide three mutually agreeable dates in **May, June, or July**.  Any conference will be held in person at Courtroom 228, 40 Foley Square, New York, New York.  Should the Parties not wish to schedule a settlement conference at this time, they should inform the Court via email by the same deadline.

Parties must attend in person with their counsel.  **The Parties should be prepared for the settlement conference to last all day.** Corporate Parties must send the person with decision-making authority to settle the matter to the conference. **At least a week prior to the conference, the Court will hold a pre-conference call with the attorneys.**

The Parties **are required** to prepare pre-conference submissions in accordance with Judge Willis's Standing Order for All Cases Referred for Settlement.

These letters must be submitted **seven days prior to the date of the pre-conference call**.   See § 3 of the Standing Order, ("no later than seven days before the pre-conference telephone call, counsel for each Party must send a letter to both the Court and opposing counsel by email. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. This letter must not exceed three pages. The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference.")

The parties *may* also submit an *ex parte* letter with confidential information for the Court. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. The letter should be marked "Confidential Material for Use Only at Settlement Conference," and should not be sent to the other parties. The reason the letter is to be submitted *ex parte* is to ensure that counsel are candid with the Court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each Party faces were the case to be resolved on the merits.

**The Parties are also required to jointly fill out the attached form** and submit it via email at least **seven days prior to the pre-conference phone call.**

Finally, should either Party wish to discuss a possible declaration of bankruptcy, a limited ability to pay an award, or lack of access to cash to fund a settlement, the Parties are strongly encouraged to discuss such issues with opposing

counsel prior to the settlement conference and to provide documents in their confidential *ex parte* letters that speak to their financial condition.

      SO ORDERED.

DATED:    New York, New York
           March 16, 2026

                             JENNIFER E. WILLIS
                             United States Magistrate Judge

# SETTLEMENT CONFERENCE FORM

**This form should be completed jointly by the Parties and emailed to WillisNYSDChambers@nysd.uscourts.gov no later than three days before the pre-conference telephone call. The answers to this form <span style="color:red">will be kept confidential and fall within Rule 408 of the Federal Rules of Evidence.</span> Please cite to the relevant docket entry where appropriate.**

1. **Has a deadline for fact discovery been set in this case?**
   Yes_____    No_____
   If yes, the discovery deadline is/was_____

   **If so, is discovery closed?**

   Yes_____    No_____
   If yes, the discovery deadline is/was_____

   **Does either Party intend to seek to reopen discovery?**

   Yes_____ No_____

2. **Do the Parties expect any expert discovery?**

   Yes_____    No_____

   **Is there a deadline for expert discovery?**

   Yes_____    No_____

   If yes, the expert discovery deadline is/was_____

3. **Is either Party waiting to receive records (medical records, payroll records, expert reports, etc.) important to its case?**

   Yes_____    No_____
   If yes, what are those records?_____
   Is the Party still prepared to settle even without receipt of those documents?
   _____

4. **Has a Motion to Dismiss or Motion on the Pleadings Been Filed?**

Yes_____    No_____

If yes, did the District Judge rule on the Motion to Dismiss?

Yes_____    No_____

If yes, please list the surviving claims below:

_____

5. **Has a Motion for Summary Judgment Been Filed?**

Yes_____    No_____

If yes, did the District Judge rule on the Motion?

Yes_____    No_____

If yes, what did the District Judge rule?

Granted_____    Denied_____    Granted in part _____

If no, do the Parties intend to file for summary judgment?

Yes_____ No _____

6. **Are attorney's fees part of the damages calculation? If so, to date, what are the total attorney fees accumulated in the case?**

Yes_____    No_____

If yes, $_____

7. **Is this a fee-shifting case, if so, please identify the relevant statute.**

Yes_____    No_____

If yes, the relevant statute is:_____

8. **What are the estimated attorney fees for each side for the next stages of the litigation?**

Plaintiff $_____    Prefer Not to answer_____

Defendant $_____    Prefer Not to answer_____

**9. Are there any financial constraints affecting the settlement discussions the Court should be aware of?**

Yes_____    No_____
If yes, what are those financial constraints? _____

**10. What was Plaintiff's last best offer? When was this offer made?**

$_____

Date of Offer: _____

**11. What was Defendant's last best offer? When was this offer made?**

$_____

Date of Offer: _____

**12. If this case were to go to trial, do the Parties anticipate it will be a bench trial or a jury trial?**

Bench Trial_____

Jury Trial_____

**13. Does either Party intend to raise an inability to pay defense?**

**Plaintiff/Cross Defendant**

Yes_____ No_____

**Defendant/Cross Plaintiff**

Yes_____ No_____

**If so, have the Parties shared any financial documents demonstrating an inability to pay?**

Yes_____ No_____

**14. Are there any other impediments to settlement that the Court should be aware of?**

Yes_____    No_____

If yes, please describe._____